UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AHMED MOHAMMED OBAID AL
BAYATI,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1184

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### **Discussion**

**I.     Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.10.) In an order entered on April 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the April 9, 2026 bond hearing on April 21, 2026, (Resp., ECF No. 4; Recording of Apr. 9, 2026 Bond Hearing, filed on Apr. 21, 2026), and Petitioner filed his reply later that same day, (ECF No. 5).

## II.    Factual Background

Petitioner is a citizen of Iraq who was admitted to the United States on March 29, 2014, pursuant to a nonimmigrant J-1 student visa, with authorization to remain in the United States for the duration of his studies. (Pet., ECF No. 1, PageID.5; Notice to Appear (NTA), ECF No. 4-3, PageID.43.) In 2018, Petitioner obtained a master's degree in physics from the University of Toledo, and he graduated with a PhD in 2022. (Pet., ECF No. 1, PageID.5–6.) On November 13, 2018, Petitioner's application for asylum and withholding of removal was denied. (2025 Form I-213, ECF No. 4-1, PageID.37.)

Petitioner overstayed his visa, and on December 16, 2025, Petitioner was arrested and detained by ICE. (Pet., ECF No. 1, PageID.2; 2025 Form I-213, ECF No. 4-1, PageID.37.) The Department of Homeland Security (DHS) issued Petitioner an NTA, charging him as removable under § 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B), because Petitioner remained in the United States longer than permitted. (NTA, ECF No. 4-3, PageID43; *see* 2026 Form I-261, ECF No. 4-5, PageID.49.)

On April 9, 2026, Petitioner received a bond hearing. (Pet., ECF No. 1, PageID.2.) At the conclusion of the bond hearing, the Immigration Judge (IJ) denied Petitioner's request for bond because Petitioner "has failed to meet his burden of demonstrating [he] is not a danger to the community." (Order of the IJ, ECF No. 1-2, PageID.13.) Petitioner is scheduled for an individual hearing before the Detroit Immigration Court on May 6, 2026. (Notice of Internet-Based Hearing, ECF No. 4-8, PageID.54.)

### III.     Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.     Jurisdiction

Respondents argue that three provisions of the INA divest this Court of jurisdiction over Petitioner's habeas action: 8 U.S.C. § 1252(e)(3), 8 U.S.C. § 1252(g), and 8 U.S.C. § 1252(b)(9).

The Court concludes that § 1252(e)(3), § 1252(g), and § 1252(b)(9) do not preclude the Court's review of Petitioner's § 2241 petition for the reasons set forth in the Court's jurisdiction analysis in each of the following cases: *Avila Maltos v. Noem*, No. 1:25-cv-1299, 2025 WL 3550605, at *2–3 (W.D. Mich. Dec. 11, 2025); *Aguilar-Duran v. Unknown Party*, No. 1:25-cv-1418, 2025 WL 3458572, at *2–3 (W.D. Mich. Dec. 2, 2025); *Flores Garcia v. Noem*, No. 1:25-cv-1387, 2025 WL 3458531, at *2–3 (W.D. Mich. Dec. 2, 2025); *Hernandez Lopez v. Raycraft*, No. 1:25-cv-1412, 2025 WL 3290655, at *2–3 (W.D. Mich. Nov. 26, 2025).

### V.     Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21,

2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII.   Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents.[1] The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General as a Respondent.

---

[1] The Court previously dismissed the Warden of the North Lake Processing Center as a Respondent. (Order, ECF No. 3.)

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Furthermore, the Court will dismiss the United States Attorney General as a Respondent.

Dated:        May 4, 2026                    /s/ Jane M. Beckering
                                            Jane M. Beckering
                                            United States District Judge